UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| PENELOPE G. DUNCAN, | ) CASE NO. 1:06 CV 1615 |
| | ) |
| Plaintiff, | ) JUDGE PATRICIA A. GAUGHAN |
| | ) |
| v. | ) |
| | ) MEMORANDUM OF OPINION |
| FAMILY DOLLAR CORPORATE | ) AND ORDER |
| OFFICE, et al., | ) |
| | ) |
| Defendants. | ) |

On July 7, 2006, plaintiff pro se Penelope Duncan filed an in forma pauperis complaint against Family Dollar Corporate Office, Equal Employment Opportunity Commission (E.E.O.C.), E.E.O.C. Director Daniel Cabot, E.E.O.C. Federal Investigator Lynn Gagyi, E.E.O.C. Federal Investigator Karla Hari-Bernard, the F.B.I. Office in Cleveland, Ohio, TRW Corporate Office and Yvette Coleman of the IBM Corporation pursuant to 42 U.S.C. §2000e, Title VII. She alleges she received disparate treatment based on her race and an impairment of her right to contract in violation of 42 U.S.C. § 1981.

*Background*

In the complaint, Ms. Duncan alleges that she was hired as an Administrative Assistant by TRW on January 1, 1999. In spite of her position classification, she claims she was

designated to receive a lower salary, commensurate with an Office Clerk. When she approached the Human Resources representative on July 20, 2000 regarding this matter he allegedly raised her annual salary by an additional $3,400.00. She complains that he did not provide a retroactive adjustment to her date of hiring. Moreover, she maintains that Caucasion employees were paid more than she and were "never denied any part of their salaries."

In the second count of her complaint, she asserts that the defendants impaired her right to contract based on her race in violation of 42 U.S.C. § 1981. She seeks declaratory relief "indicating that Defendant TRW is in violation of 42 U.S.C. Section 2000e, et seq, and 42 U.S.C. Section 1981. In addition, she seeks back pay and damages of at least $15 billion, as well as $1 billion in punitive damages. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

*Standard of Review*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section

---

[1] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

1915(e).

## *Title VII Claim Time-Barred*

There are several fatal defects in Ms. Duncan's complaint, however the court need only focus on the glaring fact that the complaint contains no allegations linking any defendant other than TRW to the actions of which Ms. Duncan complains. In fact, the present complaint is a duplicate of the one filed in this court by counsel on Ms. Duncan's behalf in 2001 and assigned to Judge Lesley Wells. Duncan v. TRW, No. 1:01cv0600 (ND Ohio filed Mar. 12, 2001).

After Ms. Duncan's attorney was indefinitely suspended from the practice of law, Judge Wells issued an order on August 19, 2002 directing Ms. Duncan to obtain replacement counsel by September 16, 2002, or advise the court that she would proceed pro se. Ms. Duncan advised the court on September 9, 2002 that she would proceed pro se. Although she was then notified in person that a Case Management Conference was scheduled for October 21, 2002, Ms. Duncan failed to appear and her case was dismissed without prejudice on the same date.

Ms. Duncan's present attempt to resurrect her discrimination claims against TRW cannot succeed. If an E.E.O.C. charge filed by an aggrieved person is dismissed, the Commission is required to notify that person that "within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved or (B) if such charge was filed by a member of the Commission, by any person whom the charge alleges was aggrieved by the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(1)(2006).

Here, the Notice of Right to Sue issued by the E.E.O.C. regarding Ms. Duncan's charge of discrimination against TRW is dated December 12, 2000. While the court is mindful of

the fact that a violation of the Title VII ninety-day filing mandate is not a jurisdictional impediment to a civil action but merely a limitations barrier "subject to waiver, estoppel, and equitable tolling,." Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 392-98 (1982), Ms. Duncan does not provide the court a single basis upon which it could entertain why this should be equitably tolled for six years. As a general rule, federal courts sparingly bestow equitable tolling. Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990); Andrews v. Orr, 851 F.2d 146, 151 (6th Cir.1988); Brown v. Mead Corp., 646 F.2d 1163, 1165 (6th Cir.1981). Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control. See Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984)("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."); see also Johnson v. United States Postal Service, 64 F.3d 233, 238 (6th Cir.1995)(directed that a petitioner's failure to satisfy a deadline caused by "garden variety neglect" cannot be excused by equitable tolling). The Sixth Circuit has cautioned that, absent compelling equitable considerations, a court should not extend limitations by even a single day. Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 561 (6th Cir. 2000).

Ms. Duncan has failed to timely file suit within the limitations period following the dismissal of her EEOC complaint. Therefore, any claims of discrimination advanced in her EEOC charge are time-barred. Id., 209 F.3d at 557. Her filing of this complaint does not revive the claims of racial discrimination addressed in her first EEOC complaint. See, e.g., Zipes., 455 U.S. at 393-95; Ruiz v. Shelby County Sheriff's Dep't, 725 F.2d 388, 391 (6th Cir.1984); Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 222 (8th Cir.1994) (In a Title VII action based on her second EEOC charge, an African-American employee was barred from raising claims of racial discrimination

based upon the events which prompted her first EEOC charge filed three years earlier, because the employee failed to file suit within 90 days of receiving notice of her right to sue on the first charge.)

Accordingly, plaintiff's application to proceed in forma pauperis is granted and this action is dismissed under section 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

     /s/ Patricia A.Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 7/12/06

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.